IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER HAMBURG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2186 |
| | § | |
| | § | |
| UNITED STATES POSTAL SERVICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Jennifer Hamburg, sued the United States and the United States Postal Service under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, alleging that she was subjected to inappropriate sexual advances by a letter carrier while he was carrying out his duties, in her home. The United States has moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting a lack of subject-matter jurisdiction. (Docket Entry No. 10). Hamburg has filed a response, (Docket Entry No. 11). Based on the pleadings, the motion and response, the parties' submissions, and the applicable law, this court grants the motion to dismiss. The reasons are explained below.

**I.      Background**

The plaintiff, Jennifer Hamburg, alleges that on April 9, 2009, Barry Jones, a letter carrier who delivered mail in her neighborhood for years and with whom she was familiar, appeared at her house about the same time that she arrived home with groceries. Mr. Jones approached her and told her that he had inadvertently placed a certified letter in her mailbox, and asked for her help retrieving it. The plaintiff said "okay" but her hands were full with grocery bags. Mr. Jones insisted

on helping her. He grabbed a bag and followed her into her home. Inside, he set the bag down and then made unwanted sexual advances by grabbing her from behind, and deliberately pressing his body against her. When the plaintiff protested by saying that she had a boyfriend, Mr. Jones replied that her boyfriend was obviously not around. She repeated that she wasn't interested, but he grabbed her anyway. After she sternly refused him, he backed off and left the premises. (Docket Entry No. 10-1, Ex. 1, Statement of Hamburg). The next day, the plaintiff's boyfriend reported the incident to Postmaster Anita G. Skillern at the Main Post Office in Highlands, Texas, who immediately began an investigation. (*Id.*, Ex. A, Declaration of Skillern, ¶¶ 2–3). The plaintiff's handwritten statement, (*Id.*, Ex. 1), was voluntarily provided.

On July 9, 2009, the plaintiff filed a timely administrative claim with the U.S. Postal Service seeking $50,000, for "ASSAULT and THREATENING BEHAVIOR." Injuries were described as "PSYCHOLOGICAL - MENTAL ANGUISH." (*Id.*, Ex. B, Claim for Damage, Injury, or Death (on Standard Ford 95), dated 7-7-09, at ¶¶ 8,10).[1]

On January 26, 2010, the Postal Service denied the plaintiff's claims because the alleged conduct fell squarely within the assault and battery exception to the FTCA, 28 U.S.C. § 2680(h). (*Id.*, Ex. C, USPS denial letter, 1-26-2010). Less than six months later, the plaintiff filed suit in the United States District Court, on June 18, 2010. (Docket Entry No. 1). The United States now moves for dismissal under Rule 12(b)(1).

## II.     The Standard Under Rule 12(b)(1)

---

[1]     Standard Form 95 (or "SF-95") is a form developed by the Department of Justice to facilitate the presentment of claims based on the Federal Tort Claims Act. *Chung v. Chao*, 518 F. Supp. 2d 270, 272 n.2 (D.D.C. 2007).

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261.

### III.    Analysis

Except when waived, the United States has sovereign immunity from suit. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). This immunity deprives federal courts of subject matter jurisdiction. *Chapa v. U.S. Dep't of Justice,* 339 F.3d 388, 389 (5th Cir. 2003). The FTCA waives that immunity for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

### A. The Assault and Battery Exceptions

The FTCA excepts certain intentional torts from its general waiver of sovereign immunity. 28 U.S.C. § 2680. Among these is "any claim arising out of assault [or] battery . . . ." *Id.*, § 2680(h). Section 2680 of the FTCA, entitled "Exceptions," provides in relevant part: "The provisions of this chapter and section 1346(b) of this title shall not apply to . . . (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." *Id.* The Supreme Court has explained that "[s]ection 2680(h) (of the FTCA) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery." *United States v. Shearer*, 473 U.S. 52, 55, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985). The Court explained that this interpretation appears consistent with Congress's likely desire to avoid having the United States financially responsible for "deliberate attacks by Government employees." *Id*.

In determining whether a claim based on particular conduct is barred by one of the enumerated exceptions in § 2680(h), courts look at the law of the State where the alleged act occurred. In determining liability under the FTCA, courts look to the substantive law of the state where the alleged act or omission occurred. 28 U.S.C. § 1346(b); *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir. 1995). Under Texas law, a person commits an assault if he "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PENAL CODE §

4

22.01(a)(3); *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001).  The elements of an assault are: (1) the apprehension of; (2) an immediate battery." *Estrada v. City of San Benito, Texas*, No. B-08-116, 2009 WL 54895, *4 (S.D. Tex. Jan. 8, 2009) (citing *Doe v. Beaumont I.S.D.*, 8 F.Supp. 56, 616 (E.D. Tex. 1998)).  The elements required to plead civil battery are: (1) a harmful or offensive contact; (2) with a plaintiff's person.  *Id*.

The acts Hamburg alleges include the postal service letter carrier rubbing up against her, squeezing intimate parts of her body, and causing her to fear an attempt at rape.  (Docket Entry Nos. 1, ¶ 3; 10-1, Ex. 1, Statement of Hamburg).  Courts have applied the exclusion to bar claims against the United States based on similar allegations of unwanted sexual advances by postal service employees. *See, e.g.*, *Kisich v. United States,* 275 F. Supp. 2d 48, 49 (D. Mass. 2003).  Hamburg's claims under the FTCA are barred by the assault and battery exceptions.

### B. The Negligent Hiring and Supervision Claims

Courts have recognized that the assault and battery exceptions do not merely bar claims for assault and battery but instead broadly exclude from the FTCA's waiver of immunity any claim "*arising out of* assault or battery," including claims "'that sound in negligence but stem from a battery committed by a Government employee.'" *Bodin v. Vagshenian*, 462 F.3d 481, 488 (5th Cir. 2006) (quoting *United States v. Shearer,* 473 U.S. 52, 55, 105 S. Ct. 3039, 87 L.Ed.2d 38 (1985)). In *Bodin*, the Fifth Circuit has reversed a trial court's judgment dismissing a plaintiff's FTCA claim for lack of subject matter jurisdiction.  In that case, two plaintiffs alleged that a Veteran's Administration psychiatrist had repeatedly "performed illegal, inappropriate, and unnecessary physical examinations of their genitalia" while purporting to treat them. 462 F.3d at 483. Following a bench trial, the district judge dismissed the plaintiffs' claims for lack of subject-matter jurisdiction

under various exceptions to the FTCA, including the intentional tort exception. *See id.* at 487–91. The appellate court concluded that the district court had erred in applying the intentional tort exception, because the VA was potentially liable based on "theories of liability [that did] not depend on the employment status of the assailant." *Id.* at 489. The court in *Bodin* observed that the Supreme Court in *Sheridan v. United States,* 487 U.S. 392, 108 S. Ct. 2449, 101 L.Ed.2d 352 (1988), had "clarified that the intentional tort exception does not bar all negligence claims that are related to an assault or battery committed by a government employee." *Id.* at 488. Negligence claims related to a government employee's § 2680(h) intentional tort "may proceed where the negligence arises out of an independent, antecedent duty unrelated to the employment relationship between the tortfeasor and the United States." *Id.* at 488–89 (quoting *Leleux v. United States,* 178 F.3d 750, 757 (5th Cir. 1999)). "The actual assault 'thus serves only to establish the extent of the plaintiff's injury, not to establish the . . . breach of duty.'" *Id.* (quoting *Thigpen v. United States,* 800 F.2d 393, 399 n.10 (4th Cir. 1986) (Murnaghan, J., concurring in result)). "In other words, the plaintiffs can recover only if the United States breached a duty independent of its employment relationship with [the psychiatrist]." *Id.* Addressing the plaintiffs' contention in *Bodin* that the United States had "an antecedent duty to protect patients in VA hospitals from reasonably known dangers," the court wrote:

> Whether the United States owed an independent duty to the plaintiffs is a question of Texas state law. *See* 28 U.S.C. § 1346(b)(1) (rendering United States liable "in accordance with the law of the place where the act or omission occurred"). Under Texas law, a hospital has a duty to exercise care to safeguard patients from known and reasonably known dangers. This duty extends to taking reasonable steps to prevent assaults by third persons, *see Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842 (Tex. 2005) (discussing malpractice claims based on assaults between patients), and medical staff, *see Buck,* 130 S.W.3d 285 (discussing claim of assault by

6

> neurologist). A provider of psychological services has a heightened duty of care to its patients because of their vulnerability and the resulting special relationship. *See Porter v. Nemir,* 900 S.W.2d 376 (Tex. App.—Austin 1995, no pet.). Similarly, a possessor of land owes a duty to invitees to protect them from foreseeable assaults on the premises. These theories of liability do not depend on the employment status of the assailant. The United States could be held liable whether the plaintiffs were sexually assaulted by its employee or a third-party tortfeasor.

*Bodin*, 462 F.3d at 489.

Whether there is an independent duty that was breached is determined by reference to state law. In the present case, there is no basis in Texas law to find that the United States owed or breached any duty independent of its employment relationship with the letter carrier who allegedly assaulted the plaintiff. By contrast, in *Bodin,* the United States as the owner and operator of the hospital owed a duty to safeguard patients from known and reasonably known dangers and as the owner and possessor of land owed a duty to invitees to protect them from foreseeable results on the premises. The United States owed no duty owed to Hamburg independent of the employment status of the government employee. Because there is no independent tortious conduct that caused the plaintiff to be injured, the negligence claims are barred under § 2680(h).

### C. **Within the Scope of Employment**

Under the FTCA, the district court is vested with jurisdiction to adjudicate claims against the United States, for "money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Like the issue of independent duties owed to

a plaintiff, the question of whether an employee is acting within the course and scope of federal employment for purposes of the FTCA "is governed by the law of the state in which the wrongful act occurred." *Bodin*, 462 F.3d at 484; *see also Villafranca v. United States*, 587 F.3d 257, 260 (5th Cir.2009) ("Liability under the FTCA is determined 'in accordance with the law of the place where the act or omission occurred.'" (quoting 28 U.S.C. § 1346(b)). Under Texas law, the issue is whether the allegedly tortious act is within the scope of the employee's general authority given by the employer, in furtherance of the employer's business, and for the accomplishment of the object for which the employee was hired. *See Goodyear Tire and Rubber Co.*, 236 S.W.3d 754, 757 (Tex. 2007); *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003). When an employee allegedly commits a sexual assault on a third person, that is not generally within the scope of his authority as an employee because it is not in furtherance of the employer's business or for the accomplishment of an object for which the employee is employed, and is motivated by personal sexual gratification. *See, e.g.*, *Bodin*, 462 F.3d at 485. Even when an employee commits a sexual assault while purporting to act within the scope of his employment, as in *Bodin*, that is not sufficient if that is simply a pretense. *Id.*; *see also Buck v. Blum,* 130 S.W.3d 285, 288–89 (Tex. App.—Houston [14th Dist.] 2004, no pet.). And although the rule is not a categorical one, in this case, the record makes it clear that the letter carrier obtained access to Hamburg's home by helping her carry her groceries, which is unrelated to his duties as a letter carrier. (Docket Entry No. 10-1, Ex. 1, Statement of Hamburg) .

Based on the record and the applicable law, this court lacks jurisdiction over this case because the alleged assault was not committed within the course and scope of the employer's duties for the United States Postal Service.

### D. The Claims Against the United States Postal Service

The FTCA makes the exclusive remedy for personal injury resulting from a negligent or wrongful act or omission of a government employee within the scope of his employment a suit against the United States. To the extent Hamburg alleges that she is entitled to recover because the FTCA's immunity waiver applies, she can only recover against the United States, not an agency or individual representative of the United States. *E.g.*, *Martin v. Revere Smelting & Refining Corp.*, No. 3-03-CV-2589-D, 2005 WL 1201154, at *1 (N.D. Tex. May 18, 2005). Although this court has held that the alleged assault in this case was not committed within the scope of the employee's duties for the Postal Service, that is an independent reason to find that there is no waiver of sovereign immunity. The claims against the Postal Service are dismissed.

### V. Conclusion

This suit is dismissed for lack of subject matter jurisdiction.

SIGNED on October 20, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge